IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANK S. FALKENBURRY, B83273,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 24-cv-00115-JPG |
| **ROBERT D. BURNS,** | ) |
| **GARRETT ETHERTON,** | ) |
| **NICHOLAS FREEMAN,** | ) |
| **JOHN DOE 1,** | ) |
| **JOHN DOE 2,** | ) |
| **JOHN DOE 3,** | ) |
| **and JOHN DOE 4,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Frank Falkenburry, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Big Muddy River Correctional Center, filed this *pro se* action under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*., and the Rehabilitation Act (Rehab Act), 29 U.S.C. §§ 794–94e. He claims that the defendants violated his rights during two separate periods of confinement at Jackson County Jail from September 7, 2022 – October 7, 2022 (first detention) and from January 27, 2023 – February 23, 2023 (second detention). (Doc. 1, pp. 1-36). He seeks monetary relief. *Id*. at 11.

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires screening and dismissal of any portion that is frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. The factual allegations of the *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

According to the Complaint, Plaintiff was arrested and detained at Jackson County Jail on two separate occasions. (Doc. 1, pp. 3-11). He was housed there during his pretrial detention from September 7, 2022 – October 7, 2022 (first detention). He returned to await sentencing and transfer into IDOC custody from January 27, 2023 – February 23, 2023 (second detention). During both periods of confinement at the Jail, Plaintiff was denied access to his right prosthetic leg, subjected to excessive force by officers, and denied medical care for his injuries. *Id*.

## First Detention

Plaintiff describes himself as a physically disabled inmate who requires the use of a right leg prosthetic. *Id*. at 3-4. Soon after he arrived at the Jail on September 7, 2022, his prosthetic was taken, and he had no access to it for the majority of his detention there. Without it, Plaintiff was confined to a bed 24 hours per day. He was also denied access to recreation and commissary, while other detainees could access both. Plaintiff was initially placed in a holding cell that lacked a shower, telephone, television, or recreation area. *Id.* at 3. At times, he had to knock on his cell door simply to alert the Jail's staff to his basic needs. Able-bodied detainees were not required to do so. Plaintiff was then moved to a cell on the Jail's second floor and forced to walk up and down 20 stairs simply to access housing. *Id*. at 4.

On October 2, 2022, Plaintiff alerted staff in the booking area that he was vomiting blood and needed toilet paper around 6:15 a.m. At the time, he had no access to his prosthetic leg. Garrett Etherton and Nicholas Freeman responded. Without provocation or penological justification, Etherton struck Plaintiff in the nose so hard that Plaintiff suffered a nasal bone and maxilla fracture. Freeman either assisted Etherton in this use of force or failed to intervene and protect Plaintiff. *Id*.

After inflicting these injuries, both officers left the cell without offering Plaintiff any medical attention. They returned only once before leaving work for the day. *Id*.

Following the shift change at 7:00 a.m., Corporal Rushing examined Plaintiff's injuries and immediately sent him to St. Joseph's Hospital in Murphysboro for examination and treatment. There, he was diagnosed with a fracture to the nasal bone and maxilla. The injuries were so severe that he was referred to a plastic surgeon for treatment of disfigurement, inhibited breathing, and pain. He still suffers from breathing difficulties due to these injuries. *Id*. at 5.

Lieutenant Jon Kilquist contacted the Illinois State Police to investigate the incident on October 5, 2022. Following the investigation, Etherton's employment was terminated. The investigation yielded no findings that Plaintiff provoked the attack. Plaintiff was issued a recognizance bond and released from custody on October 7, 2022. *Id*.

## Second Detention

Plaintiff returned to Jackson County Jail to await sentencing on January 27, 2023. He was sentenced to three years in the IDOC on February 9, 2023. *Id*. at 5. Plaintiff did not actually transfer into IDOC custody until February 23, 2023. *Id*.

On February 20, 2023, Plaintiff knocked on his holding cell door to request use of a telephone. *Id*. at 6. At the time, he had no access to his right leg prosthetic. Deputies John Doe 1-4 entered his cell, shot him with a taser gun, and fractured his left leg. The deputies then placed him in cuffs and held him in a 4-point restraint chair for more than 6 hours without treating his fractured leg bone. Two days later, he was medically cleared for transfer into IDOC custody with an untreated left leg fracture. *Id*.

Plaintiff transferred to Menard Correctional Center to begin serving his sentence on February 23, 2023. When he arrived, he was transported to Carbondale Memorial Hospital for x-

rays of his left leg. X-rays showed a closed, non-displaced fracture of the left fibula. Plaintiff was issued a wheelchair and ordered to refrain from all weight-bearing activity while his leg healed. He requested and received copies of all incident reports and medical records from Jackson County Jail. Lieutenant Kilquist produced these records to Plaintiff. However, there are no records of the incident that occurred on February 20, 2023. *Id*.

## Preliminary Dismissals

Plaintiff mentions the following individuals in the statement of his claim: Corporal Rushing and Lieutenant Kilquist. He does not bring claims against either one or identify them as defendants in the Complaint. The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

## Discussion

Based upon the allegations, the Court designates the following claims in the *pro se* Complaint:

**Count 1:**   Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*., and/or Rehabilitation Act (Rehab Act), 29 U.S.C. §§ 794–94e, claim against Sheriff Burns for denying Plaintiff access to a right leg prosthetic, housing, showers, and recreation during his first and second detention at the Jail.

**Count 2**:   Fourteenth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement by denying him a right leg prosthetic, appropriate housing, recreation, and commissary at the Jail from September 7, 2022 to October 7, 2022 (first detention).

**Count 3:**   Fourteenth Amendment claim against Etherton and Freeman for using excessive force against Plaintiff or failing to intervene and protect him from its use on or around October 2, 2022 (first detention).

**Count 4:**   Fourteenth Amendment claim against Etherton and Freeman for denying Plaintiff medical care for his nasal and maxilla fractures on or around October 2, 2022 (first detention).

>   **Count 5:**   Fourteenth and/or Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement by denying him a right leg prosthetic, appropriate housing, recreation, and commissary at the Jail from January 27, 2023 to February 23, 2023 (second detention).
>
>   **Count 6:**   Eighth Amendment claim against John Doe 1-4 for using excessive force against Plaintiff or failing to intervene and protect him from its use on or around February 20, 2023 (second detention).
>
>   **Count 7:**   Eighth Amendment claim against John Doe 1-4 for denying Plaintiff medical care for his fractured fibula from February 20-23, 2023 (second detention).

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[1]**

### Count 1

Count 1 arises under the ADA and/or Rehab Act. In order to articulate a claim in both contexts, Plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the [Jail] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Refusing to make a reasonable accommodation for a disability is equivalent to the denial of access to a program or activity. *Id*. at 672. ADA and Rehab Act claims are functionally identical. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Liberally construed, the allegations suggest that Sheriff Burns violated the ADA and Rehab Act by depriving Plaintiff of access to Jail programs and benefits, including appropriate housing, showers, recreation, and commissary during his first and second detention at the Jail, because of his disability. Accordingly, Count 1 shall receive further review against Sheriff Burns, in his official capacity.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Counts 2 and 5

Plaintiff brings a claim for unconstitutional conditions of confinement in Count 2 under the Fourteenth Amendment applicable to pretrial detainees and Count 5 under the Eighth Amendment applicable to convicted persons. However, he fails to name any particular defendant in connection with these claims. Section 1983 liability hinges on personal involvement in or responsibility for a constitutional deprivation. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022). Because Plaintiff identifies no one in connection with these unconstitutional conditions, both claims shall be dismissed without prejudice.

### Counts 3 and 4

Plaintiff's excessive force claim in Count 3 and medical claim in Count 4 are governed by the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment of pretrial detainees. *See Kingsley v. Henderson*, 576 U.S. 389 (2015) (articulating applicable standard for pretrial detainee's excessive force claim); *Thomas v. Dart*, 39 F.4th 835 (7th Cir. 2022) (analyzing pretrial detainee's failure to protect claim under Fourteenth Amendment); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (articulating applicable standard for pretrial detainee's claim of inadequate medical care). A pretrial detainee must set forth facts suggesting that each defendant "acted purposefully, knowingly, or perhaps even recklessly" in response to conditions posing an excessive risk to his health or safety and that the defendant's actions were "objectively reasonable" based on "the totality of the facts and circumstances faced by the individual." *Miranda*, 900 F.3d at 352-54; *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018). The allegations state Fourteenth Amendment claims for excessive force in Count 3 and for inadequate medical care in Count 4 against Defendants Etherton and Freeman. Both claims shall proceed past screening against these defendants.

**Counts 6 and 7**

Plaintiff's excessive force claim in Count 6 and medical claim in Count 7 are governed by the Eighth Amendment, which prohibits the cruel and unusual punishment of convicted persons. The Eighth Amendment requires a showing of a sufficiently serious deprivation (an objective standard) and deliberate indifference by the defendant (a subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim under either amendment, Plaintiff must set forth allegations showing each defendant's personal involvement in a constitutional deprivation. *West v. Atkins*, 487 U.S. 42 (1988). Plaintiff's allegations state claims in Counts 6 and 7 against John Doe 1-4, so both claims shall receive further review against these defendants, once they are identified and served with this lawsuit. Sheriff Burn is already named, in an official capacity, and shall respond to all discovery aimed at identifying John Doe 1-4 by name.

**Disposition**

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A, and the following claims will receive further review against the below-listed defendants:

- **COUNT 1** against **ROBERT BURNS**, in his official capacity;

- **COUNTS 3** and **4** against **GARRETT ETHERTON** and **NICHOLAS FREEMAN**, in their individual capacities;

- **COUNT 6** and **7** against **JOHN DOE 1-4** (once identified), in their individual capacities.

All other claims are dismissed without prejudice for failure to state a claim, including **COUNTS 2** and **5** against **ALL DEFENDANTS**.

As for **COUNTS 1, 3, 4, 6,** and **7**, the Clerk of Court shall prepare for Defendants **ROBERT BURNS (official capacity), GARRETT ETHERTON**, **NICHOLAS FREEMAN**,

and **JOHN DOE 1-4 (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file a timely responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply. 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**The Clerk is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:  May 13, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied.  Plaintiff need not submit evidence to the Court at this time.