UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK S. FALKENBURRY,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT D. BURNS, GARRETT ETHERTON, NICHOLAS FREEMAN, TIMOTHY WILLIAMS, DEPUTY-JAILER CANO, DEPUTY-JAILER PARTRIDGE, and DEPUTY-JAILER ROWLAND,<br><br>    Defendant. | Case No. 24-cv-115-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court after plaintiff Frank S. Falkenburry failed to attend a telephone motion hearing on June 24, 2025. At that hearing, the Court dismissed Falkenburry's case pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution. The Court issues this order to explain the path that led to dismissal.

The Court has discretion to dismiss a suit for lack of prosecution as a punitive measure. *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 606 (7th Cir. 2021); *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013). However, it should not do so immediately after the first problem occurs and without exploring other potentially effective options. *Sroga*, 722 F.3d at 982. The plaintiff should also have warning that the Court is considering dismissal, *id.*; *Grun*, 163 F.3d at 425, although a warning is not always required, *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). In deciding whether to dismiss a case for lack of prosecution, the Court should consider:

> the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's

      calendar and time, the prejudice if any to the defendant caused by the plaintiff's
dilatory conduct, the probable merits of the suit, and the consequences of
dismissal for the social objectives of the type of litigation that the suit represents.

*Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chi.*, 2 F.3d 752, 759-60 (7th Cir. 1993)).

      Falkenburry has demonstrated numerous times that he will not prosecute this case. He failed to provide his initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) and the Court's July 30, 2024, Scheduling and Discovery Order (Doc. 26). He also failed to respond to the defendants' discovery requests as required by Federal Rules of Civil Procedure 33 and 34 and the July 30, 2024, Scheduling and Discovery Order. Mail of discovery documents from the defendants to Falkenburry was unable to be delivered. The Court then ordered Falkenburry to show cause why the case should not be dismissed for lack of prosecution and warned him that if he failed to respond to the order and failed to update his mailing address, the Court would dismiss the case (Doc. 29). Falkenburry updated his address but failed to otherwise respond to the order to show cause. After the defendants' re-mailed their discovery requests to his new address, Falkenburry again failed to respond. The defendants moved for sanctions or to compel production (Doc. 32), and the Court set a telephone hearing on the motion for June 24, 2025 (Doc. 33). Falkenburry did not call into the telephone hearing, so the Court dismissed his case for lack of prosecution.

      The Court has evaluated all circumstances, including the frequency of Falkenburry's failure to comply with deadlines or attend court hearings, responsibility for mistakes, effect on the judicial calendar, prejudice caused to the defense, merit of the underlying claim, and any social objectives represented by the suit. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). All these factors, plus the warning of dismissal in the

order to show cause, lead the Court to believe dismissal with prejudice for lack of prosecution is warranted.

Accordingly, the Court **DISMISSES** this case **with prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution and **DIRECTS** the Clerk of Court to enter judgment accordingly.  The defendants' having withdrawn their request for attorneys fees at the telephone hearing, their motion for sanctions is **DENIED as moot** (Doc. 32).

**IT IS SO ORDERED.**
**DATED:  June 25, 2025**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**